# SUPERIOR COURT

### No. 777

### SMITH v. PINKERTON'S AGNECY.

Superior Court of Cincinnati
No. 58673.  Decided Aug. 30, 1923

ACTIONS.

Summons—Method of service on non-resident
[pa]rtnership—Resident service improper—Resident
[se]rvice on non-resident partnership does not give the
[cou]rt jurisdiction.

[M]ARX, J.

#### Epitomized Opinion

[T]his is an action brought by Smith against a
[pa]rtnership of detective agency for damages for
[fal]se imprisonment and for an alleged slander. The
[pet]ition alleged that the defendants, Pinkerton &
[Pin]kerton, were partners with their principal place
[of] business in New York City and with an office in
[Cin]cinnati, Ohio.  The sheriff's return showed that
[the] summons was served on one Camden, Superin-
[ten]dent of the Pinkerton partnership, and also
[sho]wed that neither one of the Pinkertons were to
[be] found in that county.  The defendants filed a
[mo]tion to set aside and quash the summons and
[ret]urn.  In sustaining the motion to quash the serv-
[ice] the Court of Appeals held:

[1]. Section 11286 of the Ohio General Code, pro-
[vid]ing that a partnership may be sued by its com-
[pan]y name by leaving a copy of the summons at its
[usu]al place of doing business, does not apply to
[ser]vice of summons upon a non-resident partnership
[doi]ng business in this state and so limited, is a valid
[stat]ute; otherwise construed, said statute would be
[a v]iolation of the United States Constitution, four-
[teen]th amendment.

[2]. Jurisdiction cannot constitutionally be obtained
[in] action in personas against a non-resident part-
[ners]hip all the members of which reside outside of
[the] state in which they are doing business by leav-
[ing] a copy of the summons at their usual place of
[busi]ness in such state without the seizure of part-
[ners]hip property and without personal service upon
[any] partner.  (Boyers v. Schulpe et al, 51 C. S. 300,
[disti]nguished.)

[3]. Service of summons in an action to recover
[dam]ages for false imprisonment and slander against
[a n]on-resident partnership doing business in this
[stat]e by leaving a copy of the summons with their
[supe]rintendent at their usual place of business, is
[insu]fficient to give the court jurisdiction to render
[a ju]dgment against said partnership or the individ-
[ual] members thereof.

[At]torneys—Julius R. Samuels, for Smith; Bett-
[man], Riesenberg, Cohen & Steltenpohl, for Pink-
[erto]n's.

# COMMON PLEAS COURT

### No. 778

### TAXIS v. SO. OHIO SAV. AND TRUST CO.

Common Pleas, Montgomery County
No. 51124.  Decided Aug. 30, 1923

8.  ACTIONS.

Validity of service on administrator in action for
tort committed by decedent in another county.

29.  APPEARANCE.

Motion questioning merits of case, and not juris-
diction, is voluntary appearance.

McCRAY, J.

#### Epitomized Opinion

Action for property damage against the admin-
istrator of the estate of William Brown whose son
was the alleged cause of the accident.  Taxis re-
sided in Montgomery county, where the accident
occurred.  At the time of the accident Brown and
his son lived in Hamilton county.  Brown died be-
fore the action was commenced.  Taxis filed suit
in Montgomery county and had summons issued on
the bank as administrator in Hamilton county.  The
bank filed a motion in which it claimed that Brown
was not operating the automobile.  This was sup-
ported by the son's affidavit that he was driving the
car on his own behalf.  Jury rendered a verdict in
favor of Taxis for $250.  Motions in arrest of judg-
ment and for a new trial were filed by the bank on
the ground that the court had no jurisdiction.  In
rendering judgment on the verdict, the Common
Pleas Court held:

1.  Upon Brown's death the righ of action sur-
vived against his estate.  11235 GC.  By 6290 and
6308 the action may be brought against the owner
in the county where the injured person resides and
owner is defined as one having title or the exclusive
right to use a motor vehicle.  These statutes must
be liberally construed.  100 OS. 73, 78.  An adminis-
trator may be sued where he is appointed or resides.
11277 GC.  Therefore summons on the adminis-
trator gave the court jurisdiction.

2.  The administrator by its motion, denying that
Brown was the operator of the vehicle or responsi-
ble therefore, seems to question the merits of the
case and not the jurisdiction over the person.  This
is therefore voluntary appearance.  43 OS. 171, 177.